IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN HOSPITALS
AND CLINICS AUTHORITY,

                  OPINION AND ORDER

        Plaintiff,

                  15-cv-280-bbc

    v.

AETNA HEALTH AND LIFE INSURANCE
COMPANY and AETNA HEALTH INSURANCE
COMPANY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff University of Wisconsin Hospitals and Clinics Authority filed this case in the Circuit Court for Dane County, Wisconsin, asserting claims for breach of contract and other claims under state law. Plaintiff alleged that it was a third party beneficiary of a health insurance contract between Jaime Filipponi and defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company and that defendants breached that contract by failing to pay for medical services that plaintiff provided Filipponi. Defendants removed the case to this court under 28 U.S.C. §§ 1441 and 1446 on the ground that plaintiff's claims are preempted by the Employee Retirement Income Security Act. Plaintiff now concedes that it should have brought its claims under ERISA, so I need not discuss that issue.

1

Now defendants seek dismissal of the complaint with prejudice as a sanction for repeatedly filing state law claims that should have been brought under ERISA. Dkt. #7. Although I am declining to dismiss the case, I am directing plaintiff to show cause why it should not be required to reimburse defendants for their costs and fees related to removing the case and briefing their motion to dismiss.

OPINION

Defendants cite several cases for the proposition that courts may dismiss a case with prejudice when the plaintiff has engaged in "deliberate and strategic attempts to avoid federal jurisdiction." Dfts.' Br., dkt. #8, at 6 (citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1491 (7th Cir. 1996); Shannon v. Shannon, 965 F.2d 542, 553 (7th Cir.1992); Maciosek v. Blue Cross & Blue Shield, 930 F.2d 536, 541 (7th Cir.1991)). Defendants say that plaintiff has met this standard because "this Court has repeatedly found that Plaintiff's identical claims against Aetna based on an alleged denial of benefits to one of its members are preempted by ERISA." Dfts.' Br., dkt. #8, at 6 (citing case nos.14-cv-779-wmc, 3:14-cv-805-wmc and 14-cv-882-bbc).

Plaintiff agrees with defendant that a court has inherent authority to sanction a party for deliberate attempts to avoid federal jurisdiction, but it argues that its conduct does not meet that standard. It cites the affidavit of one of its vice presidents, who avers that, before plaintiff files a lawsuit, plaintiff often does not receive information "whether the [insurer] is an individual insurance provider, an insurance provider to an employee benefit plan or a

2

Payor acting as a plan administrator of a self-funded or insured employee benefit plan." Murphy Aff. ¶ 4, dkt. #14. For this reason, plaintiff does not know whether a particular claim is governed by ERISA or state law.

The vice president does not explain why plaintiff does not make additional efforts to uncover the information it needs before filing a lawsuit and what efforts plaintiff is making now to prevent the problem from continuing in the future. However, plaintiff "offers to prove at an evidentiary hearing" that "there is not bad faith or other deliberate conduct on UWHCA's part and it is not purposefully evading federal court jurisdiction." Plt.'s Br., dkt. #13 at 6. It also "offers to prove the steps it is taking to address this problem." Id.

Plaintiff's showing of good faith is weak. Although it may be that plaintiff is not trying to evade federal jurisdiction "strategically," plaintiff's repeated failures to conduct a reasonably inquiry into the nature of its potential claim suggest a type of "deliberate ignorance" that can be enough even under criminal law to prove intent. E.g., United States v. L.E. Myers Co., 562 F.3d 845, 854 (7th Cir. 2009); United States v. Black, 530 F.3d 596, 604-05 (7th Cir. 2008). Further, I see no reason to conduct a hearing on the matter because plaintiff does not explain why it could not provide the necessary information in an affidavit.

Having said that, I agree with plaintiff that dismissal is harsh sanction. Generally, courts are required to consider whether other sanctions may be adequate and to warn a litigant before throwing out its case. Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 562 (7th Cir. 2011). Although defendant points to three cases in the last year in which courts in this district concluded that plaintiff's state law claims were preempted by ERISA, in none

of those cases did the court warn plaintiff that any further mistakes would lead to dismissal with prejudice.

Accordingly, I am denying defendant's request for dismissal with prejudice as a sanction, and I will allow plaintiff to amend its complaint to substitute an ERISA claim. However, I believe that a lesser sanction is appropriate. In particular, it seems reasonable to require plaintiff to reimburse defendants the costs and fees they incurred in removing this case and briefing their motion to dismiss. Carr v. Tillery, 591 F.3d 909, 919-20 (7th Cir. 2010) ("A court has inherent power, which is to say a common law power, to punish by an award of reasonable attorneys' fees or other monetary sanction, or to prevent for the future by an injunction, misconduct by lawyers appearing before it."). However, because neither side proposed this sanction, I will give the parties an opportunity to object before I impose it.

Plaintiff is now on notice. If plaintiff files additional lawsuits in state court after the date this order is docketed and it is later determined by this court that a lawsuit is subject to removal because the claims are preempted by ERISA, I will consider dismissal with prejudice as an appropriate sanction.

ORDER

IT IS ORDERED that

1. The motion filed by defendants Aetna Health and Life Insurance Company and Aetna Health Insurance Company to dismiss plaintiff University of Wisconsin Hospitals and

Clinics Authority's state law claims, dkt. #7, is GRANTED.

2. Defendants' motion to dismiss the case with prejudice as a sanction, dkt. #7, is DENIED.

3. Plaintiff may have until September 16, 2015, to file an amended complaint that raises a claim under the Employee Retirement Income Security Act. If plaintiff does not file an amended complaint by that date, I will dismiss the case with prejudice and direct the clerk of court to enter judgment in favor of defendants.

4. The parties may have until September 16, 2015, to submit a brief on the question whether plaintiff should be required to pay defendants' reasonable attorney fees and costs related to removing this case and filing their motion to dismiss. The parties may have until September 23, 2015 to file a response, if one is necessary.

Entered this 1st day of September, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge